UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD HARGROVE,**

    **Plaintiff,**

                                      **Case Number** 8:20-cv-1362

v.

**LAKE GIBSON VILLAGE, LLC,**

    **Defendant.**

_____/

**Complaint & Jury Demand**

    1.    The Plaintiff, Richard Hargrove, sues the Defendant, Lake Gibson Village, LLC pursuant to 29 U.S.C. § 2617(a) for Family Medical Leave Act (FMLA) interference and retaliation.

    2.    Plaintiff began working for Defendant after he retired from the Florida Department of Highway Safety and Motor Vehicles-Division of Driver License, serving 35 years and last holding the position of Regional Administrator.

    3.    Plaintiff began working for Defendant in Lakeland, Florida in December 2017.

    4.    Plaintiff stopped working for Defendant in February 2020.

    5.    On or about September 2019, Plaintiff became physically sick.

6. Prior to September 2019, Defendant had neither written up Plaintiff nor threatened Plaintiff with an adverse employment action.

7. Prior to September 2019, the chief executive officer (CEO) of Defendant depended upon Plaintiff and regularly consulted him on various matters.

8. In October 2019, Plaintiff was hospitalized.

9. Plaintiff promptly notified Defendant that he was being hospitalized.

10. Plaintiff spent more than one night in the hospital.

11. Plaintiff had emergency surgery while at the hospital.

12. Plaintiff communicated with Defendant by texting the CEO that he was in the hospital and was having surgery.

13. Plaintiff provided details of his serious health condition to the CEO of Defendant.

14. Defendant never offered Plaintiff FMLA leave.

15. Defendant never notified Plaintiff of his FMLA rights.

16. Defendant employs more than fifty (50) employees within seventy-five miles of where Plaintiff worked for Defendant.

17. Plaintiff worked more than 1250 hours the twelve months prior to needing FMLA leave.

18. Plaintiff had worked more than one year for Defendant at the time he needed FMLA leave.

19. In Plaintiff's evaluation prior to being hospitalized the CEO for Defendant wrote: "Richard is an exemplary employee that I heavily rely upon."

20. Plaintiff's title in his 2018 annual evaluation, provided in December 2018, was "Facilities Director."

21. In fact, for the annual evaluations for 2018 and 2019, Plaintiff was listed as "Facilities Director."

22. Defendant evaluated Plaintiff pre-FMLA and post-FMLA for the same position, e.g. "Facilities Director."

23. Plaintiff only received excellent marks on his annual evaluation prior to needing FMLA leave.

24. Plaintiff was an eligible employee for FMLA leave in October 2019 pursuant to 29 U.S.C. § 2611(2).

25. Plaintiff was entitled to FMLA leave in October 2019 pursuant to 29 U.S.C. § 2612(a)(1)(D).

26. Before Plaintiff went to the hospital, he did not know that he would need FMLA leave.

27. Plaintiff notified Defendant of the need for FMLA pursuant to Defendant's *Employee Handbook* provision 6.8 which states: "When the need for

FMLA leave is unexpected, employees must provide the Company notice as soon as possible and practicable under the facts and circumstances of the case."

28. Plaintiff complied with the Department of Labor Regulations on the FMLA in September and October 2019.

29. Specifically, Plaintiff complied with 29 C.F.R. § 825.303 by providing notice of his health conditions to Defendant.

30. Defendant failed to meet its FMLA obligations.

31. Defendant failed to comply with 29 C.F.R. § 825.300(b).

32. Defendant failed to comply with 29 C.F.R. § 825.300(c).

33. Defendant failed to comply with 29 C.F.R. § 825.300(d).

34. Defendant never requested medical information from Plaintiff.

35. On September 26, 2019, Plaintiff wrote to Defendant's CEO via text that he was requesting his absence of that day to be excused due to kidney stones.

36. On October 27, 2019, Plaintiff wrote to Defendant's CEO via text that he was in urgent care that day and that he was going to be hospitalized later in the day due to kidney stones.

37. On October 28, 2019, Plaintiff wrote to Defendant's CEO via text that he was in the hospital for kidney stones, that he had an infection and that he would be taken to surgery the following afternoon.

38. On October 29, 2019, Plaintiff wrote to Defendant's CEO via text that he had surgery and was in the recovery room.

39. Defendant neither offered FMLA leave to Plaintiff in September 2019 nor notified him of his FMLA rights.

40. Defendant neither offered FMLA leave to Plaintiff in October 2019 nor notified him of his FMLA rights.

41. Defendant neither offered FMLA leave to Plaintiff in November 2019 nor notified him of his FMLA rights.

42. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 2617(a)(2).

43. Venue is appropriate in Tampa, Florida pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff worked for Defendant in Polk County, Florida.

44. Defendant did not rely upon any law in not providing FMLA notice to Plaintiff in 2019.

45. Defendant did not rely upon advice of counsel in not providing FMLA notice to Plaintiff in 2019.

46. Defendant willfully violated the FMLA or acted in reckless disregard of the FMLA.

47. Defendant's CEO did not know that Defendant was supposed to provide FMLA notice to Plaintiff in 2019.

48. Defendant's CEO did not know that Plaintiff's absences in in the Autumn of 2019 were supposed to be protected by the FMLA.

49. Defendant's CEO did not know that work not completed by Plaintiff while he was home sick, at the hospital or at home recovering from surgery could not be used against Plaintiff.

**Count I – FMLA Interference**

50. Plaintiff reincorporates paragraphs 1 through 49 as if fully stated herein.

51. Defendant interfered with Plaintiff's FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

52. Defendant violated 29 C.F.R. § 825.300(e).

53. Plaintiff suffered abuse from Defendant by not being left alone on FMLA leave.

54. Plaintiff suffered adverse employment actions, up to and including termination, due not clearly being put on FMLA leave.

55. Had Plaintiff been offered FMLA leave in the Autumn of 2019, he would have taken FMLA leave, not worked while he was in pain, hospitalized or otherwise.

56. In December 2018, Defendant provided the best possible annual review for Plaintiff.

57. In January 2020 (Defendant failed to provide Plaintiff's annual review in December 2019), Defendant provided the opposite review it had provided Plaintiff the year before.

58. Defendant placed Plaintiff on probation in late January 2020.

59. Defendant discharged Plaintiff from his position in February 2020.

60. The poor evaluation, probation and alleged restructuring all occurred because Defendant's CEO did not fully understand that Plaintiff was supposed to be on FMLA leave for up to 12 weeks in the Autumn of 2019.

61. Had Plaintiff been on FMLA leave in the Autumn of 2019 and Defendant's CEO recognized that perceived deficiencies on the property could not be assessed to Plaintiff as he was on protected FMLA leave then Plaintiff would not have received a poor evaluation, he would not have been placed on probation, he would not have had his position stripped, his salary threatened to be reduced and would still be employed in his position with a raise.

62. Plaintiff demands trial by jury.

Wherefore, Plaintiff prays for judgment, back pay, liquidated damages, front pay, mandatory FMLA training by Defendant, attorneys' fees, costs and any other relief the Honorable Court deems appropriate and just.

**Count II – FMLA Retaliation**

63. Plaintiff reincorporates paragraphs 1 through 49 as if fully stated herein.

64. Defendant retaliated against Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

65. Defendant mistreated Plaintiff because he needed FMLA leave in the Autumn of 2019.

66. In January 2020, Defendant cast Plaintiff in false light in his belatedly submitted annual review.

67. Defendant placed Plaintiff on probation in retaliation for Plaintiff needing FMLA leave.

68. Plaintiff objected to Defendant's discriminatory conduct by challenging his latest annual review as being in violation of the FMLA.

69. Within thirty (30) days of Plaintiff's opposition to Defendant's discrimination of him for needing FMLA leave Defendant discharged Plaintiff.

70. Defendant took the position in February 2020 that Plaintiff could remain to work for Defendant if he agreed to work for less money and in a position with less prestige.

71. Defendant made these unconscionable demands of Plaintiff prior to the coronavirus pandemic impacting the United States economy.

72. Plaintiff lost his job because he needed FMLA leave in the Autumn of 2019 and had the audacity to object to being discriminated against for needing FMLA leave.

73. Plaintiff demands trial by jury.

Wherefore, Plaintiff prays for judgment, back pay, liquidated damages, front pay, mandatory FMLA training by Defendant, attorneys' fees, costs and any other relief the Honorable Court deems appropriate and just.

Respectfully submitted this 12th day of June 2020,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com